MPA:

indebtedness secured by a purchase money mortgage given to the Insured.

(c) <u>Amount of Insurance</u>. The amount of insurance after the acquisition or after the conveyance shall in neither event exceed the least of:

(i) the Amount of Insurance stated in Schedule A;

(ii) the amount of the principal of the indebtedness secured by the insured mortgage as of Date of Policy, interest thereon, expenses of foreclosure, amounts advanced pursuant to the insured mortgage to assure compliance with laws or to protect the lien of the insured mortgage prior to the time of acquisition of the estate or interest in the land and secured thereby and reasonable amounts expended to prevent deterioration of improvements, but reduced by the amount of all payments made; or

(iii) the amount paid by any governmental agency or governmental instrumentality, if the agency or instrumentality is the insured claimant, in the acquisition of the estate or interest in satisfaction of its insurance contract or guaranty.

## 3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.

The insured shall notify ATG promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which ATG may be liable by virtue of this policy, or (iii) if title to the estate or interest or the lien of the insured mortgage, as insured, is rejected as unmarketable. If prompt notice shall not be given to ATG, then as to the insured all liability of ATG shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify ATG shall in no case prejudice the rights of any insured under this policy unless ATG shall be prejudiced by the failure and then only to the extent of the prejudice.

## 4. DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE.

(a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, ATG, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. ATG shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. ATG will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action that allege matters not insured against by this policy.

(b) ATG shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be n▓▓▓▓▓ or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. ATG may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If ATG shall exercise its rights under this paragraph, it shall do so diligently.

(c) Whenever ATG shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, ATG may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(d) In all cases where this policy permits or requires ATG to prosecute or provide for the defense of any action or proceeding, the insured shall secure to ATG the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit ATG to use, at its option, the name of the insured for this purpose. Whenever requested by ATG, the insured, at ATG's expense, shall give ATG all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of ATG may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured. If ATG is prejudiced by the failure of the insured to furnish the required cooperation, ATG's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

## 5. PROOF OF LOSS OR DAMAGE.

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided ATG, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to ATG within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If ATG is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, ATG's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of ATG and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of ATG, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of ATG, the insured claimant shall grant its permission, in writing, for any authorized representative of ATG to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to ATG pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of ATG, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of ATG under this policy as to that claim.

## 6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.

In case of a claim under this policy, ATG shall have the following additional options:

(a) <u>To Pay or Tender Payment of the Amount of Insurance</u> ▓▓▓▓▓ Ind. ▓▓▓▓

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by ATG, up to the time of payment or tender of payment and which ATG is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by ATG up to the time of purchase and which ATG is obligated to pay.

If ATG offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to ATG upon payment therefor.

Upon the exercise by ATG of either of the options provided for in paragraphs a(i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

(b) <u>To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant</u>.

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by ATG up to the time of payment and which ATG is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by ATG up to the time of payment and which ATG is obligated to pay.

Upon the exercise by ATG of either of the options provided for in paragraphs b(i) or (ii), ATG's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

## 7. DETERMINATION AND EXTENT OF LIABILITY.

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of ATG under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2 (c) of these Conditions and Stipulations;

(ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy

(b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of ATG shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

MPA:

(c) ATG will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

## 8. LIMITATION OF LIABILITY.

(a) If ATG establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by ATG or with ATG's consent, ATG shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) ATG shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of ATG.

(d) ATG shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

## 9. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of ATG except as provided in Section 2(a) of these Conditions and Stipulations.

## 10. LIABILITY NONCUMULATIVE.

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount ATG may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

## 11. PAYMENT OF LOSS.

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of ATG.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

## 12. SUBROGATION UPON PAYMENT OR SETTLEMENT.

(a) ATG's Right of Subrogation.

Whenever ATG shall have settled and paid a claim under this policy, all right of subrogation shall vest in ATG unaffected by any act of the insured claimant.

ATG shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by ATG, the insured claimant shall transfer to ATG all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit ATG to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, ATG shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b) ▓▓▓▓▓▓▓▓▓▓▓ an▓▓▓▓▓▓▓▓.

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title or to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, ATG shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to ATG by reason of the impairment by the insured claimant of ATG's right of subrogation.

(c) ▓▓▓▓ ▓▓▓▓ ▓▓▓▓▓ ▓▓▓▓▓▓▓▓ Obligors.

ATG's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

ATG's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1(a)(ii) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section 1(a)(i) of these Conditions and Stipulations.

## 13. ARBITRATION.

Unless prohibited by applicable law, either ATG or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between ATG and the insured arising out of or relating to this policy, any service of ATG in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either ATG or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both ATG and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from ATG upon request.

## 14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.

(a) This policy together with all endorsements, if any, attached hereto by ATG is the entire policy and contract between the insured and ATG. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of ATG.

## 15. SEVERABILITY.

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

## 16. NOTICES, WHERE SENT.

All notices required to be given ATG and any statement in writing required to be furnished ATG shall include the number of this policy and shall be addressed to ATG at 2405 Windsor Place, P.O. Box 9136, Champaign, Illinois 61826-9136.

ATTORNEYS' TITLE GUARANTY FUND, INC.

ATG® MORTGAGEE FORM - SCHEDULE A

Policy No.: 040611500025-01

Date of Policy: July 08, 2004
State Issued: IL
File Name: 1326451

Amount of Insurance: $445,000.00

1. Name of Insured:

    PLAZA BANK, ITS SUCCESSORS AND/OR ASSIGNS

2. The estate or interest in the land described or referred to in this Schedule and which is encumbered by the insured mortgage, is a Fee Simple, and is, at the effective date hereof vested in:

    W.W. FUNDING L.L.C.

3. The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:

    Mortgage dated June 18, 2004, and recorded July 8, 2004, as Document No. 0419005014, executed by W.W. FUNDING, L.L.C., a Limited Liability Company, and given to PLAZA BANK, to secure a note in the amount of $445,000.00, and such other sums as provided therein.

4. The land referred to in this policy is described as follows:

    LOTS 6 AND 7 IN BLOCK 46 IN HULBERT MILWAUKEE AVENUE SUBDIVISION, BEING A SUBDIVISION OF LOT 1 IN RESUBDIVISION BY ELIZABETH REDLING OF PART OF LILL AND DIVERSEY'S SUBDIVISION OF PART OF THE SOUTHWEST 1/4 OF SECTION 30, TOWNSHIP 41 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

ISSUED BY

Smith & Kruse
3924 W. Devon
Suite 200
Lincolnwood, IL 60712
847-674-5555

6115
Member No.        Signature of Member or Authorized Signatory

ATG FORM 1021
© ATG (REV. 7/99)

Prepared by ATG Resource™

FOR USE IN: ALL STATES

## ATTORNEYS' TITLE GUARANTY FUND, INC.

## ATG® MORTGAGEE FORM - SCHEDULE B

Policy No.: 040611500025-01     State Issued: IL

This policy does not insure against loss or damage (and ATG will not pay costs, attorneys' fees, or expenses) that arise by reason of the following exceptions:

### Special Exceptions

1. THE LIEN OF TAXES FOR THE YEAR 1998 AND THEREAFTER.

    PERMANENT INDEX NUMBER: 10-30-308-016-0000
    FIRST INSTALLMENT OF THE 2003 TAXES $ 3767.95 IS NOT POSTED PAID.
    SECOND INSTALLMENT OF THE 2003 TAXES IS NOT YET DUE AND PAYABLE.
    FIRST INSTALLMENT OF THE 2002 TAXES $ 3718.30 IS NOT POSTED PAID.
    SECOND INSTALLMENT OF THE 2002 TAXES $ 3817.60 IS NOT POSTED PAID.
    2004 GENERAL REAL ESTATE TAXES ARE NOT YET DUE OR PAYABLE.

    NOTE: THE UNPAID BALANCE OF THE TAXES FOR THE YEAR 1998 WERE SOLD ON 4/3/00 TO PLYMOUTH FOR THE AMOUNT OF $8654.06, AND INTEREST, PENALTY, COSTS AND ALL CHARGES, IF ANY, ACCRUED THEREUNDER BY REASON OF THE PAYMENT OF SUBSEQUENT GENERAL TAXES OR SPECIAL ASSESSMENTS.

    (AFFECTS LOT 6)

    THE LIEN OF TAXES FOR THE YEAR 2002 AND THEREAFTER

    PERMANENT INDEX NUMBER: 10-30-308-017-0000
    FIRST INSTALLMENT OF THE 2003 TAXES $ 3767.95 IS NOT POSTED PAID.
    SECOND INSTALLMENT OF THE 2003 TAXES IS NOT YET DUE AND PAYABLE.
    FIRST INSTALLMENT OF THE 2002 TAXES $ 3718.30 IS NOT POSTED PAID.
    SECOND INSTALLMENT OF THE 2002 TAXES $ 3817.60 IS NOT POSTED PAID.
    2004 GENERAL REAL ESTATE TAXES ARE NOT YET DUE OR PAYABLE.

    (AFFECTS LOT 7)

2. Assignment of Rents dated June 18, 2004 and recorded July 8, 2004 as Document No. 0419005015 executed by W.W. FUNDING, L.L.C., a Limited Liability Company and given to PLAZA BANK.

3. EXISTING LEASES AND TENANCIES, AND RIGHTS OF TENANTS THEREUNDER, AND THOSE CLAIMING BY, THROUGH OR UNDER THOSE TENANTS.

4. PLAT OF SUBDIVISION RECORDED AS DOCUMENT NO. 7035296.

*End of Schedule B*

6115
Member No.     Signature of Member or Authorized Signatory

ATG FORM 1022
© ATG (REV. 7/99)     *Prepared by ATG Resource*™     FOR USE IN: ALL STATES

## ENDORSEMENT

## ATTORNEYS' TITLE GUARANTY FUND, INC.

Policy No.: 040611500025-01                                    State Issued: IL

ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT

The insurance afforded by this endorsement is effective only if the land is used or is to be used primarily for residential purposes.

ATG insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

1. Any environmental protection lien that, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

2. Any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by a state statute listed herein:

65 ILCS 5/11-31-1(f).

This endorsement is made a part of the policy and is subject to all terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

| July 8, 2004 | 6115 | |
|---|---|---|
| Date | Member No. | Signature of Member or Authorized Signatory |

ATG FORM 2021 (ALTA FORM 8.1)
© ATG (REV. 6/02)                            Prepared by ATG REsource™                            FOR USE IN: IL

# ENDORSEMENT

## ATTORNEYS' TITLE GUARANTY FUND, INC.

Policy No.: 040611500025-01                                State Issued: IL

COMPREHENSIVE ENDORSEMENT 1

ATG insures the insured against loss or damage sustained by the insured by reason of:

1. Any incorrectness in the assurance which ATG hereby gives:

    a. That there are no covenants, conditions, or restrictions under which the lien of the mortgage referred to in Schedule A can be cut off, subordinated, or otherwise impaired;

    b. That, except as shown in Schedule B, there are no present violations on the land of any enforceable covenants, conditions, or restrictions;

    c. That, except as shown in Schedule B, there are no encroachments of buildings, structures, or improvements located on the land onto adjoining lands, nor any encroachments onto the land of buildings, structures, or improvements located on adjoining lands.

2. Any violations on the land of any covenants, conditions, or restrictions occurring prior to acquisition of title to the land by the Insured, provided such violations result in loss or impairment of the lien of the mortgage referred to in Schedule A, or result in loss or impairment of the title to the land if the insured shall acquire such title in satisfaction of the indebtedness secured by such mortgage.

3. Damage to existing improvements that are located or encroach upon that portion of the land subject to any easement shown in Schedule B, which damage results from the exercise of the right to use or maintain such easement for the purpose for which the same was granted or reserved.

4. Any final court order or judgment requiring removal from any land adjoining the land of any encroachment shown in Schedule B.

Wherever in this endorsement any or all the words "covenants, conditions, or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, and conditions contained in any lease referred to in Schedule A.

This endorsement is made a part of the policy and is subject to all terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

| July 8, 2004 | 6115 | |
|---|---|---|
| Date | Member No. | Signature of Member or Authorized Signatory |

ATG FORM 2008
© ATG (REV. /00)                        Prepared by ATG REsource™                        FOR USE IN ALL STATES

# Exhibit 5

# ATTORNEYS' TITLE GUARANTY FUND INC.

## CHAMPAIGN, ILLINOIS

### OWNER TITLE INSURANCE POLICY
American Land Title Association Owner Policy – amended October 17, 1992

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, Attorneys' Title Guaranty Fund, Inc., an Illinois corporation, herein called ATG®, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;

2. Any defect in or lien or encumbrance on the title;

3. Unmarketability of the title;

4. Lack of a right of access to and from the land.

ATG will also pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

This policy shall become effective and binding when Schedule A and Schedule B, and any endorsements, are signed by a title insurance agent, or other authorized signatory, of ATG.



## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and ATG will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:

    (a) created, suffered, assumed or agreed to by the insured claimant;

    (b) not known to ATG, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to ATG by the insured claimant prior to the date the insured claimant became an insured under this policy;

    (c) resulting in no loss or damage to the insured claimant;

    (d) attaching or created subsequent to Date of Policy; or

    (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.

4. Any claim, which arises out of the transaction vesting in the Insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:

    (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or

    (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:

        (i) to timely record the instrument of transfer; or

        (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

## CONDITIONS AND STIPULATIONS

### 1. DEFINITION OF TERMS.

The following terms when used in this policy mean:

(a) "insured": the insured named in Schedule A, and, subject to any rights or defenses ATG would have had against the named insured, those who succeed to the interest of the named insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors.

(b) "insured claimant": an insured claiming loss or damage.

(c) "knowledge" or "known": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting the land.

(d) "land": the land described or referred to in Schedule A, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule A, nor any right,

title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy.

(e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.

(f) "public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a)(iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

(g) "unmarketability of the title": an alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

### 2. CONTINUATION OF INSURANCE AFTER CONVEYANCE OF TITLE.

The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

### 3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.

The insured shall notify ATG promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as insured, and which might cause loss or damage for which ATG may be liable by virtue of this policy, or (iii) if title to the estate or interest, as insured, is

rejected as unmarketable. If prompt notice shall not be given to ATG, then as to the Insured all liability of ATG shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify ATG shall in no case prejudice the rights of any insured under this policy unless ATG shall be prejudiced by the failure and then only to the extent of the prejudice.

## 4. DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE.

(a) Upon written request by the Insured and subject to the options contained in Section 6 of these Conditions and Stipulations, ATG, at its own cost and without unreasonable delay, shall provide for the defense of an Insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. ATG shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. ATG will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.

(b) ATG shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest, as insured, or to prevent or reduce loss or damage to the insured. ATG may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If ATG shall exercise its rights under this paragraph, it shall do so diligently.

(c) Whenever ATG shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, ATG may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(d) (d) In all cases where this policy permits or requires ATG to prosecute or provide for the defense of any action or proceeding, the insured shall secure to ATG the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit ATG to use, at its option, the name of the insured for this purpose. Whenever requested by ATG, the insured, at ATG's expense, shall give ATG all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of ATG may be necessary or desirable to establish the title to the estate or interest as insured. If ATG is prejudiced by the failure of the insured to furnish the required cooperation, ATG's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

## 5. PROOF OF LOSS OR DAMAGE.

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided ATG, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to ATG within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If ATG is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, ATG's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of ATG and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of ATG, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of ATG, the insured claimant shall grant its permission, in writing, for any authorized representative of ATG to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to ATG pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of ATG, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph shall terminate any liability of ATG under this policy as to that claim.

## 6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.

In case of a claim under this policy, ATG shall have the following additional options:

(a) <u>To Pay or Tender Payment of the Amount of Insurance.</u>

(i) To pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by ATG, up to the time of payment or tender of payment and which ATG is obligated to pay.

(ii) Upon the exercise by ATG of this option, all liability and obligations to the insured under this policy, other than to make the payment required, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

(b) <u>P_____</u> <u>Other than the Insured or With the Insured Claimant.</u>

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by ATG up to the time of payment and which ATG is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by ATG up to the time of payment and which ATG is obligated to pay.

Upon the exercise by ATG of either of the options provided for in paragraphs (b)(i) or (ii), ATG's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

## 7. DETERMINATION, EXTENT OF LIABILITY AND COINSURANCE.

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of ATG under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A; or,

(ii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the Amount of Insurance stated in Schedule A at the Date of Policy is less than 80 percent of the value of the insured estate or interest or the full consideration paid for the land, whichever is less, or if subsequent to the Date of Policy an improvement is erected on the land which increases the value of the insured estate or interest by at least 20 percent over the Amount of Insurance stated in Schedule A, then this Policy is subject to the following:

(i) where no subsequent improvement has been made, as to any partial loss, ATG shall only pay the loss pro rata in the proportion that the amount of Insurance at Date of Policy bears to the total value of the insured estate or interest at Date of Policy; or

(ii) where a subsequent improvement has been made, as to any partial loss, ATG shall only pay the loss pro rata in the proportion that 120 percent of the Amount of Insurance stated in Schedule A bears to the sum of the Amount of Insurance stated in Schedule A and the amount expended for the Improvement. The provisions of this paragraph shall not apply to costs, attorneys' fees and expenses for which ATG is liable under this policy, and shall only apply to that portion of any loss which exceeds, in the aggregate, 10 percent of the Amount of Insurance stated in Schedule A. (c) ATG will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

## 8. APPORTIONMENT.

If the land described in Schedule A consists of two or more parcels which are not used as a single site, and a loss is established affecting one or more of the parcels but not all, the loss shall be computed and settled on a pro rata basis as if the amount of insurance under this policy was divided pro rata as to the value on Date of Policy of each separate parcel to the whole, exclusive of any improvements made subsequent to Date of Policy, "unless a

liability or value has otherwise been agreed upon as to each parcel by ATG and the insured at the time of the issuance of this policy and shown by an express statement or by an endorsement attached to this policy.

## 9. LIMITATION OF LIABILITY.

(a) If ATG establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by ATG or with ATG's consent, ATG shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title as insured.

(c) ATG shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of ATG.

## 10. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.

All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto.

## 11. LIABILITY NONCUMULATIVE.

It is expressly understood that the amount of insurance under this policy shall be reduced by any amount ATG may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy to the insured owner.

## 12. PAYMENT OF LOSS.

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of ATG.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

## 13. SUBROGATION UPON PAYMENT OR SETTLEMENT.

(a) ATG's Right of Subrogation.

Whenever ATG shall have settled and paid a claim under this policy, all right of subrogation shall vest in ATG unaffected by any act of the insured claimant.

ATG shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by ATG, the insured claimant shall transfer to ATG all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit ATG to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, ATG shall be subrogated to these rights and remedies in the proportion which ATG's payment bears to the whole amount of the loss.

If loss should result from any act of the insured claimant, as stated above, that act shall not void this policy, but ATG, in that event, shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to ATG by reason of the impairment by the insured claimant of ATG's right of subrogation.

(b) ATG's Right Against Non-Insured Obligors.

ATG's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

## 14. ARBITRATION

Unless prohibited by applicable law, either ATG or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between ATG and the insured arising out of or relating to this policy, any service of ATG in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either ATG or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both ATG and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from ATG upon request.

## 15. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.

(a) This policy together with all endorsements, if any, attached hereto by ATG is the entire policy and contract between the insured and ATG. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of ATG.

## 16. SEVERABILITY.

In the event any provision of the policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

## 17. NOTICES, WHERE SENT.

All notices required to be given ATG and any statement in writing required to be furnished ATG shall include the number of this policy and shall be addressed to ATG at 2408 Windsor Place, P.O. Box 9136, Champaign, Illinois 61826-9136.