922 N.E.2d 380                                                                Page 5
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

308III(A) Powers of Agent
   308k95 Express Authority
      308k96 k. In general. Most Cited Cases

**Principal and Agent 308 ⟨⟩99**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(A) Powers of Agent
         308k98 Implied and Apparent Authority
            308k99 k. In general. Most Cited Cases
An agent's authority may be actual or apparent and, if actual, may be express or implied.

**[18] Principal and Agent 308 ⟨⟩99**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(A) Powers of Agent
         308k98 Implied and Apparent Authority
            308k99 k. In general. Most Cited Cases
Apparent authority is cognizable when a principal, through words or conduct, creates the reasonable impression in a third party that his agent is authorized to perform a certain act on his behalf.

**[19] Principal and Agent 308 ⟨⟩99**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(A) Powers of Agent
         308k98 Implied and Apparent Authority
            308k99 k. In general. Most Cited Cases
To prove the existence of apparent authority, a party must establish that: (1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) the third party, based upon his knowledge of the facts, possessed a good-faith belief that the agent possessed such authority; and (3) the third party relied to his detriment on the agent's apparent authority.

**[20] Principal and Agent 308 ⟨⟩23(1)**

308 Principal and Agent
   308I The Relation
      308I(A) Creation and Existence
         308k18 Evidence of Agency

308k23 Weight and Sufficiency
      308k23(1) k. In general. Most Cited
A party alleging an agency relationship must prove it by a preponderance of the evidence.

**[21] Principal and Agent 308 ⟨⟩170(3)**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(D) Implied Ratification
         308k168 Implied Ratification
            308k170 Acquiescence
               308k170(3) k. Failure to repudiate
agent's acts or delay in repudiating. Most Cited Cases

**Principal and Agent 308 ⟨⟩171(1)**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(D) Ratification
         308k168 Implied Ratification
            308k171 Acceptance of Benefits
               308k171(1) k. In general. Most Cited
Cases
Ratification of an act by an alleged agent occurs when the principal learns of an unauthorized transaction, then retains the benefits of the transaction or takes a position inconsistent with nonaffirmation.

**[22] Principal and Agent 308 ⟨⟩163(1)**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(D) Ratification
         308k163 Nature and Grounds in General
            308k163(1) k. In general. Most Cited Cases
For ratification of an act by an alleged agent to occur, the principal must, with full knowledge of the act, manifest an intent to abide and be bound by the transaction.

**[23] Principal and Agent 308 ⟨⟩169(1)**

308 Principal and Agent
   308III Rights and Liabilities as to Third Persons
      308III(D) Ratification
         308k168 Implied Ratification

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

308k169 In General
    308k169(1) k. In general. Most Cited
Cases

**Principal and Agent 308 ☞170(1)**

308 Principal and Agent
    308III Rights and Liabilities as to Third Persons
        308III(D) Ratification
            308k168 Implied Ratification
            308k170 Acquiescence
                308k170(1) k. In general. Most Cited
Cases
Ratification by a principal of an act by a purported
agent may be inferred from surrounding circumstances,
including long-term acquiescence, after notice, to the
benefits of an allegedly unauthorized transaction.

**[24] Principal and Agent 308 ☞158**

308 Principal and Agent
    308III Rights and Liabilities as to Third Persons
        308III(C) Unauthorized and Wrongful Acts
            308k158 k. Fraud of agent. Most Cited Cases

**Principal and Agent 308 ☞173(3)**

308 Principal and Agent
    308III Rights and Liabilities as to Third Persons
        308III(D) Ratification
            308k173 Evidence of Ratification
                308k173(3) k. Weight and sufficiency.
Most Cited Cases
Evidence was sufficient to establish, in bench trial of
quiet title claim brought by trust and trust beneficiary
against purported purchasers, lenders and title agents,
that trust beneficiary did not authorize or ratify actions
of nephew, whom he believed was a mortgage broker,
in connection with fraudulent sales of real estate to
which trust held legal title; though beneficiary ap-
proached nephew about obtaining loans to pay debts, re-
quested trustee's deeds from trust officers and may have
shown deeds to nephew, beneficiary returned deeds to
trust officers, and there was evidence that trustee's
deeds used in transfers were forged, that sales' disburse-
ments were tainted by excessive and unexplained fees,

that beneficiary did not receive any funds, that overdue
real estate taxes were paid for the benefits of purported
purchasers rather than beneficiary, and that beneficiary
denied any knowledge of mortgage when mortgagee at-
tempted to foreclose.

**[25] Estoppel 156 ☞68(2)**

156 Estoppel
    156III Equitable Estoppel
        156III(B) Grounds of Estoppel
            156k68 Claim or Position in Judicial Proceed-
ings
                156k68(2) k. Claim inconsistent with pre-
vious claim or position in general. Most Cited Cases
The doctrine of judicial estoppel postulates that a party
who assumes a particular position in a legal proceeding
is estopped from assuming a contrary position in a sub-
sequent legal proceeding.

**[26] Estoppel 156 ☞68(2)**

156 Estoppel
    156III Equitable Estoppel
        156III(B) Grounds of Estoppel
            156k68 Claim or Position in Judicial Proceed-
ings
                156k68(2) k. Claim inconsistent with pre-
vious claim or position in general. Most Cited Cases
The purpose of the doctrine of judicial estoppel is to
promote the truth and to protect the integrity of the
court system by preventing litigants from deliberately
shifting positions to suit the exigencies of the moment.

**[27] Estoppel 156 ☞68(2)**

156 Estoppel
    156III Equitable Estoppel
        156III(B) Grounds of Estoppel
            156k68 Claim or Position in Judicial Proceed-
ings
                156k68(2) k. Claim inconsistent with pre-
vious claim or position in general. Most Cited Cases
In order for judicial estoppel to apply, the party to be
estopped must have: (1) taken two positions; (2) that are
factually inconsistent; (3) in separate judicial or quasi-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380

398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257

judicial proceedings; (4) intended for the trier of fact to accept the truth of the facts alleged; and (5) have succeeded in the first proceeding and received some benefit from it.

**[28] Estoppel 156 ⟺68(2)**

156 Estoppel
   156III Equitable Estoppel
      156III(B) Grounds of Estoppel
         156k68 Claim or Position in Judicial Proceedings
         156k68(2) k. Claim inconsistent with previous claim or position in general. Most Cited Cases

Trust beneficiary did not take factually inconsistent positions in two actions, as required in order to be judicially estopped, as a result of participating in prior mortgage foreclosure action on beneficiary's business property, from denying that the subsequent sale of his business property from which funds were obtained to pay off mortgage was fraudulent, in quiet title and slander of title action brought by trust and trust beneficiary regarding purported transfers of properties on which trust held legal title; beneficiary contested the validity of the mortgage in both actions, beneficiary hired a lawyer to defend the mortgage foreclosure action, and purported mortgagee voluntarily dismissed foreclosure action.

**[29] Equity 150 ⟺66**

150 Equity
   150I Jurisdiction, Principles, and Maxims
      150I(C) Principles and Maxims of Equity
         150k66 k. He who seeks equity must do equity. Most Cited Cases

It is a basic maxim of equity that he who seeks equity must do equity.

**[30] Equity 150 ⟺65(1)**

150 Equity
   150I Jurisdiction, Principles, and Maxims
      150I(C) Principles and Maxims of Equity
         150k65 He Who Comes Into Equity Must Come with Clean Hands

         150k65(1) k. In general. Most Cited Cases

The doctrine of unclean hands precludes a party from taking advantage of his own wrong.

**[31] Equity 150 ⟺65(1)**

150 Equity
   150I Jurisdiction, Principles, and Maxims
      150I(C) Principles and Maxims of Equity
         150k65 He Who Comes Into Equity Must Come with Clean Hands

         150k65(1) k. In general. Most Cited Cases

The doctrine of unclean hands is an equitable doctrine that bars relief when the party seeking that relief is guilty of misconduct in connection with the subject matter of the litigation.

**[32] Equity 150 ⟺65(2)**

150 Equity
   150I Jurisdiction, Principles, and Maxims
      150I(C) Principles and Maxims of Equity
         150k65 He Who Comes Into Equity Must Come with Clean Hands

         150k65(2) k. Nature of unconscionable conduct. Most Cited Cases

For the doctrine of unclean hands to apply, the party's misconduct must rise to the level of fraud or bad faith.

**[33] Equity 150 ⟺65(1)**

150 Equity
   150I Jurisdiction, Principles, and Maxims
      150I(C) Principles and Maxims of Equity
         150k65 He Who Comes Into Equity Must Come with Clean Hands

         150k65(1) k. In general. Most Cited Cases

To determine whether a party acted with unclean hands, a court must look to the intent of that party.

**[34] Equity 150 ⟺65(3)**

150 Equity
   150I Jurisdiction, Principles, and Maxims
      150I(C) Principles and Maxims of Equity
         150k65 He Who Comes Into Equity Must Come with Clean Hands

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380    Page 8
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

150k65(3) k. Conduct with respect to different transactions. Most Cited Cases

The doctrine of unclean hands is unavailable where the act giving rise to the defense does not directly involve the transaction which is the subject of the litigation.

[35] Appeal and Error 30 ☞949

30 Appeal and Error
    30XVI Review
        30XVI(H) Discretion of Lower Court
            30k949 k. Allowance of remedy and matters of procedure in general. Most Cited Cases

Equity 150 ☞65(1)

150 Equity
    150I Jurisdiction, Principles, and Maxims
        150I(C) Principles and Maxims of Equity
            150k65 He Who Comes Into Equity Must Come with Clean Hands
                150k65(1) k. In general. Most Cited Cases

The application of the doctrine of unclean hands is a matter for a trial court's discretion, which will not be disturbed on appeal absent an abuse of that discretion.

[36] Equity 150 ☞65(1)

150 Equity
    150I Jurisdiction, Principles, and Maxims
        150I(C) Principles and Maxims of Equity
            150k65 He Who Comes Into Equity Must Come with Clean Hands
                150k65(1) k. In general. Most Cited Cases

Trial court did not abuse its discretion by finding that the doctrine of unclean hands did not bar trust beneficiary from seeking relief from lender who financed second alleged sale of beneficiary's business property, in quiet title and slander of title action brought by trust and trust beneficiary regarding purported transfers of properties on which trust held legal title; though lender alleged that beneficiary misrepresented to the Internal Revenue Service (IRS) the value of trust properties and that beneficiary's verified complaint falsely asserted that he never directed trustee to convey legal title to anyone including himself, beneficiary returned trustee's deeds

to trustee and the trustee's deeds used in the contested transactions were forged, and misrepresentations to the IRS did not involve beneficiary's business property.

[37] Damages 115 ☞15

115 Damages
    115III Grounds and Subjects of Compensatory Damages
        115III(A) Direct or Remote, Contingent, or Prospective Consequences or Losses
            115III(A)1 In General
                115k15 k. Nature and theory of compensation. Most Cited Cases

Compensatory damages are those which are awarded to a person as compensation, indemnity or restitution for a wrong or injury sustained by him.

[38] Damages 115 ☞95

115 Damages
    115VI Measure of Damages
        115VI(A) Injuries to the Person
            115k95 k. Mode of estimating damages in general. Most Cited Cases

Damages 115 ☞103

115 Damages
    115VI Measure of Damages
        115VI(B) Injuries to Property
            115k103 k. Mode of estimating damages in general. Most Cited Cases

Damages 115 ☞117

115 Damages
    115VI Measure of Damages
        115VI(C) Breach of Contract
            115k117 k. Mode of estimating damages in general. Most Cited Cases

The purpose of awarding compensatory damages is to make the injured party whole and restore him to the position he was in before the loss, but not to enable him to make a profit or windfall on the transaction.

[39] Judgment 228 ☞252(1)

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

228 Judgment
    228VI On Trial of Issues
      228VI(C) Conformity to Process, Pleadings, Proofs, and Verdict or Findings
        228k247 Conformity to Pleadings and Proofs
          228k252 Prayer for Relief in General
            228k252(1) k. In general. Most Cited Cases

Trial court lacked jurisdiction, in quiet title and slander of title action brought by trust which held legal title to subject properties and trust beneficiary, to adjudicate claims by lender, who financed second sale of trust beneficiary's business property, that it was entitled to retain a lien on the property to secure reimbursement of the funds it disbursed to pay off disputed prior mortgage and satisfy back real estate taxes and funds that lender asserted beneficiary received from the transactions on the property, where lender never raised the issue of restitution or its entitlement to a lien on the business property in any pleading.

**[40] Libel and Slander 237 ☞130**

237 Libel and Slander
    237V Slander of Property or Title
      237k130 k. Nature and elements in general. Most Cited Cases

**Libel and Slander 237 ☞139**

237 Libel and Slander
    237V Slander of Property or Title
      237k139 k. Actions. Most Cited Cases

A plaintiff asserting slander of title bears the burden of proving the following: (1) the defendants made a false and malicious publication, either oral or written; (2) that such publication disparaged the plaintiff's title to property; and (3) damages due to such publication.

**[41] Libel and Slander 237 ☞131**

237 Libel and Slander
    237V Slander of Property or Title
      237k131 k. Intent and malice. Most Cited Cases

In a slander of title action, a plaintiff must prove that the defendants acted with malice.

**[42] Libel and Slander 237 ☞131**

237 Libel and Slander
    237V Slander of Property or Title
      237k131 k. Intent and malice. Most Cited Cases

To prove malice in a slander of title action, the plaintiff must show that the defendants knew that the disparaging statements were false or that the statements were made with reckless disregard of their truth or falsity.

**[43] Libel and Slander 237 ☞131**

237 Libel and Slander
    237V Slander of Property or Title
      237k131 k. Intent and malice. Most Cited Cases

A defendant acts with reckless disregard, for purposes of a slander of title claim, if he publishes the allegedly damaging matter despite a high degree of awareness of its probable falsity or if he has serious doubts as to its truth.

**[44] Libel and Slander 237 ☞131**

237 Libel and Slander
    237V Slander of Property or Title
      237k131 k. Intent and malice. Most Cited Cases

The act of maliciously recording a document that clouds another's title to real estate is actionable as slander of title; however, if the party who records the document has reasonable grounds to believe that he has title or a claim to the property, he has not acted with malice.

**[45] Libel and Slander 237 ☞139**

237 Libel and Slander
    237V Slander of Property or Title
      237k139 k. Actions. Most Cited Cases

In a slander of title action, whether a defendant acted with malice is a question of fact.

**[46] Libel and Slander 237 ☞138**

237 Libel and Slander
    237V Slander of Property or Title
      237k138 k. Persons liable. Most Cited Cases

All persons who cause or participate in the publication of slanderous matters are responsible for such publica-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257

tion, for purposes of a slander of title claim.

**[47] Libel and Slander 237 ⟲139**

237 Libel and Slander
   237V Slander of Property or Title
     237k139 k. Actions. Most Cited Cases
Evidence was sufficient to establish in bench trial that
attorney, and title agent and purchaser owned by such
attorney, participated in the publication of documents
that disparaged the title that trust and trust beneficiary
held in the subject real estate properties, as required in
order for trust and beneficiary to establish a slander of
title claim against such parties; trust and beneficiary
were not required to prove that such parties actually re-
corded the documents, there was evidence that the doc-
uments transferring the properties were forged, the
mortgage liens that were recorded against one of the
properties were due to loans applied for by attorney as
borrower, and title agent owned by attorney was the
title agent that was used for five of the six closings
which led to the recording of legal documents that
slandered trust's and beneficiaries' title to all three of
the subject properties.

**[48] Libel and Slander 237 ⟲138**

237 Libel and Slander
   237V Slander of Property or Title
     237k138 k. Persons liable. Most Cited Cases
All persons who cause or participate in the publication
of slanderous matters are responsible for such publica-
tion, in a slander of title action.

**[49] Libel and Slander 237 ⟲139**

237 Libel and Slander
   237V Slander of Property or Title
     237k139 k. Actions. Most Cited Cases
Evidence was sufficient to establish at bench trial that
attorney, and title agent and purchaser owned by such
attorney, acted with malice when documents were re-
corded that purported to transfer properties to which
trust held legal title, as required in order for trust and
trust beneficiary to establish a slander of title claim
against such parties; there was evidence that beneficiary

approached his nephew to obtain loans to pay debts, that
attorney was personally involved with nephew from the
outset of events that led to slander of title claim, that
nephew recorded forged trustee's deed that conveyed
title on one of the properties from trust directly to attor-
ney, that attorney in one of the other transactions falsely
represented to counsel for lender that he was benefi-
ciary's attorney, and that title agent owned by attorney
was used by nephew and attorney as title company on
five of the six transactions so that scrutiny of forged
legal documents would remain low.

**[50] Libel and Slander 237 ⟲139**

237 Libel and Slander
   237V Slander of Property or Title
     237k139 k. Actions. Most Cited Cases
Evidence was sufficient to establish at bench trial that
real estate investor and investor's company acted with
malice, when documents were recorded that purported
to encumber and transfer two properties on which trust
held legal title and which were eventually transferred to
investor's company, as required in order for trust and
trust beneficiary to establish a slander of title claim
against investor and investor's company; there was evid-
ence that beneficiary approached his nephew to obtain
loans to pay debts, that investor was personally in-
volved with nephew from the outset of events that led to
slander of title action, that investor was paid large com-
mitment fees for his role in arranging initial alleged
loans to beneficiary and on the subsequent transfer of
both properties to investor's company, that trust's and
beneficiary's signatures on the recorded documents were
forged, and that, despite his claim to the contrary, in-
vestor never personally met beneficiary.

**[51] Appeal and Error 30 ⟲984(5)**

30 Appeal and Error
   30XVI Review
     30XVI(H) Discretion of Lower Court
       30k984 Costs and Allowances
         30k984(5) k. Attorney fees. Most Cited
Cases

Costs 102 ⟲194.12

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380    Page 11
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

102 Costs
   102VIII Attorney Fees
      102k194.12 k. Discretion of court. Most Cited Cases
A trial court has broad discretionary powers in awarding attorney fees and its discretion will not be reversed on review unless the court abused its discretion.

[52] Costs 102 ☜═⧽207

102 Costs
   102IX Taxation
      102k207 k. Evidence as to items. Most Cited
A party seeking attorney fees bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness.

[53] Costs 102 ☜═⧽207

102 Costs
   102IX Taxation
      102k207 k. Evidence as to items. Most Cited
An appropriate attorney fee consists of reasonable charges for reasonable services; however, to justify an award of fees, more must be presented than a mere compilation of hours multiplied by a fixed hourly rate or bills issued to the client, since this type of data, without more, does not provide the court with sufficient information as to their reasonableness, a matter which cannot be determined on the basis of conjecture or on the opinion or conclusions of the attorney seeking the fees.

[54] Costs 102 ☜═⧽198

102 Costs
   102IX Taxation
      102k198 k. Form and requisites of application in general. Most Cited Cases
A petition for attorney fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor.

[55] Costs 102 ☜═⧽207

102 Costs

102 Costs
   102IX Taxation
      102k207 k. Evidence as to items. Most Cited
It is incumbent upon a petitioner seeking an award of attorney fees to present detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated.

[56] Costs 102 ☜═⧽194.18

102 Costs
   102VIII Attorney Fees
      102k194.18 k. Items and amount; hours; rate. Most Cited Cases
On a petition for attorney fees, once presented with detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated, a trial court should consider a variety of additional factors such as the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client, and whether there is a reasonable connection between the fees and the amount involved in the litigation.

[57] Libel and Slander 237 ☜═⧽139

237 Libel and Slander
   237V Slander of Property or Title
      237k139 k. Actions. Most Cited Cases
A successful plaintiff in a slander of title action is entitled to recover attorney fees and costs which flowed directly from the wrongful disparagement.

[58] Quieting Title 318 ☜═⧽54

318 Quieting Title
   318II Proceedings and Relief
      318k54 k. Costs. Most Cited Cases
A successful plaintiff in a quiet title action is entitled to recover attorney fees and costs directly related to the quieting of title.

[59] Libel and Slander 237 ☜═⧽139

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

237 Libel and Slander
    237V Slander of Property or Title
        237k139 k. Actions. Most Cited Cases
A successful plaintiff in a slander of title action is per-
mitted to recover those damages directly related to a
slander of title, such as loss of vendibility.

[60] Libel and Slander 237 ⊂⟩139

237 Libel and Slander
    237V Slander of Property or Title
        237k139 k. Actions. Most Cited Cases

Quieting Title 318 ⊂⟩54

318 Quieting Title
    318II Proceedings and Relief
        318k54 k. Costs. Most Cited Cases
Trial court did not abuse its discretion by awarding at-
torney fees in the form of compensatory damages to
trust and trust beneficiary enhanced by a multiplier of
three times the lodestar, for a total amount of $595,574,
in quiet title and slander of title action brought against
purchasers, lenders and title agents in transactions that
purported to lien and transfer properties on which trust
held legal title; beneficiary was originally billed at
hourly rates, when beneficiary was unable to remain
current attorneys agreed to continue working on an
hourly basis provided that they would be paid at three
times the amount billed if and when action came to a
successful conclusion, action was tried by attorneys to a
successful outcome, attorneys' hourly rates were mod-
est, attorneys appropriately itemized their time, and the
fees award was proportionate to the value of the proper-
ties of roughly $2.5 million.

[61] Damages 115 ⊂⟩87(1)

115 Damages
    115V Exemplary Damages
        115k87 Nature and Theory of Damages Addition-
al to Compensation
        115k87(1) k. In general. Most Cited Cases
The purpose of punitive damages is: (1) to act as retri-
bution against the defendant; (2) to deter the defendant
from committing similar wrongs in the future; and (3) to

deter others from similar conduct.

[62] Damages 115 ⊂⟩91.5(1)

115 Damages
    115V Exemplary Damages
        115k91.5 Grounds for Exemplary Damages
        115k91.5(1) k. In general. Most Cited Cases
Punitive damages will be awarded only where the de-
fendant's conduct is willful or outrageous due to evil
motive or a reckless indifference to the rights of others.

[63] Damages 115 ⊂⟩87(1)

115 Damages
    115V Exemplary Damages
        115k87 Nature and Theory of Damages Addition-
al to Compensation
        115k87(1) k. In general. Most Cited Cases

Damages 115 ⊂⟩91.5(1)

115 Damages
    115V Exemplary Damages
        115k91.5 Grounds for Exemplary Damages
        115k91.5(1) k. In general. Most Cited Cases
Because punitive damages are not favored in the law,
they are only available in cases where the wrongful act
complained of is characterized by wantonness, malice,
oppression, willfulness, or other circumstances of ag-
gravation.

[64] Appeal and Error 30 ⊂⟩893(1)

30 Appeal and Error
    30XVI Review
        30XVI(F) Trial De Novo
        30k892 Trial De Novo
            30k893 Cases Triable in Appellate Court
            30k893(1) k. In general. Most Cited
On appeal from a bench trial, the question of whether
punitive damages are available as a matter of law for
the cause of action is reviewed de novo.

[65] Appeal and Error 30 ⊂⟩1013

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

Cited Cases

In an appeal of a punitive damages award, the question of whether the facts prove willfulness or other aggravating factors is a factual determination that is reviewed using the manifest-weight standard.

**[66] Appeal and Error 30 ⟶1013**

30 Appeal and Error
  30XVI Review
    30XVI(I) Questions of Fact, Verdicts, and Findings
      30XVI(I)3 Findings of Court
        30k1013 k. Amount of recovery. Most Cited Cases

Whether punitive damages should be awarded is reviewed for an abuse of discretion.

**[67] Appeal and Error 30 ⟶1013**

30 Appeal and Error
  30XVI Review
    30XVI(I) Questions of Fact, Verdicts, and Findings
      30XVI(I)3 Findings of Court
        30k1013 k. Amount of recovery. Most Cited Cases

The computation of the punitive damages award is reviewed on appeal to determine whether the amount was excessive or the result of passion, partiality, or corruption.

**[68] Appeal and Error 30 ⟶1013**

30 Appeal and Error
  30XVI Review
    30XVI(I) Questions of Fact, Verdicts, and Findings
      30XVI(I)3 Findings of Court
        30k1013 k. Amount of recovery. Most

Cited Cases

In reviewing a determination of the amount of punitive damages, the Appellate Court will reverse only if the award was so excessive as to indicate passion, partiality, or corruption.

**[69] Appeal and Error 30 ⟶1013**

30 Appeal and Error
  30XVI Review
    30XVI(I) Questions of Fact, Verdicts, and Findings
      30XVI(I)3 Findings of Court
        30k1013 k. Amount of recovery. Most Cited Cases

The assessment of punitive damages is a highly factual decision, which is appropriately made at the trial court level.

**[70] Damages 115 ⟶94.2**

115 Damages
  115V Exemplary Damages
    115k94 Measure and Amount of Exemplary Damages
      115k94.2 k. Nature of act or conduct. Most Cited Cases

The amount of a punitive damages award should be a reflection of the fact finder's determination as to the degree of maliciousness evidenced by a defendant's actions.

**[71] Appeal and Error 30 ⟶1013**

30 Appeal and Error
  30XVI Review
    30XVI(I) Questions of Fact, Verdicts, and Findings
      30XVI(I)3 Findings of Court
        30k1013 k. Amount of recovery. Most Cited Cases

In reviewing the maliciousness of conduct for purposes of punitive damages awards, a reviewing court is not in a position to reassess the credibility of the witnesses who testified at trial.

**[72] Appeal and Error 30 ⟶1073(7)**

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

922 N.E.2d 380                                                                    Page 14
398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257
(Cite as: 398 Ill.App.3d 21, 922 N.E.2d 380, 337 Ill.Dec. 257)

30 Appeal and Error
  30XVI Review
    30XVI(J) Harmless Error
      30XVI(J)23 Judgment or Order
        30k1073 Judgment or Order
          30k1073(7) k. Amount. Most Cited Cases

Damages 115 €══94.3

115 Damages
  115V Exemplary Damages
    115k94 Measure and Amount of Exemplary
Damages
      115k94.3 k. Wealth of defendant. Most Cited
Cases
A trial court must evaluate available evidence of a de-
fendant's financial worth in calculating punitive dam-
ages, but an award will not be overturned just because
the defendant did not present evidence of financial
worth at trial.

**[73] Libel and Slander 237 €══139**

237 Libel and Slander
  237V Slander of Property or Title
    237k139 k. Actions. Most Cited Cases
Punitive damages are available in slander of title ac-
tions.

**[74] Libel and Slander 237 €══139**

237 Libel and Slander
  237V Slander of Property or Title
    237k139 k. Actions. Most Cited Cases
Although malice is an element of the tort of slander of
title, punitive damages may be awarded in slander cases
where actual malice exists.

**[75] Libel and Slander 237 €══139**

237 Libel and Slander
  237V Slander of Property or Title
    237k139 k. Actions. Most Cited Cases
Evidence was sufficient to establish that purported pur-
chasers, lenders and title agents, involved in transac-
tions that attempted to lien and transfer subject real es-

tate properties, exhibited malice beyond that necessary
to establish the elements of slander of title, as required
for an award of punitive damages, in bench trial of
slander of title action brought by trust which held legal
title to the properties and trust's beneficiary; there was
evidence that documents purporting to lien and transfer
the properties were forged, that the commitment and
loan fees charged by defendants were excessive, that
fees were paid to a law firm that was not involved in the
transactions, that funds were distributed to unknown
people, that little or no money was distributed to benefi-
ciary from the transactions, and that three of the defend-
ants agreed to share in the ownership of one of the prop-
erties in the event beneficiary did not exercise supposed
option to purchase.

**[76] Appeal and Error 30 €══1079**

30 Appeal and Error
  30XVI Review
    30XVI(K) Error Waived in Appellate Court
      30k1079 k. Insufficient discussion of objec-
tions. Most Cited Cases
Purported purchasers, lenders and title agents waived on
appeal contention that the trial court's assessment of
punitive damages before its calculation of compensatory
damages was error, in quiet title and slander of title ac-
tion brought by trust which held legal title to properties
allegedly liened and transferred and trust's beneficiary,
where defendants did not cite any authority in support
of such contention. Sup.Ct.Rules, Rule 341(h)(7).

**[77] Appeal and Error 30 €══893(1)**

30 Appeal and Error
  30XVI Review
    30XVI(F) Trial De Novo
      30k892 Trial De Novo
        30k893 Cases Triable in Appellate Court
          30k893(1) k. In general. Most Cited
The standard of review for the constitutional question of
whether a punitive damages award is excessive in viola-
tion of due process is de novo. U.S.C.A. Const.Amend.
14.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.